# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL OLUWA SESAN LEITCH,<br><br>Defendant. | CASE NO. 1:12-cr-00083-AWI-BAM<br><br>**ORDER ON DEFENDANT'S MOTION TO MODIFY A CONDITION OF SUPERVISED RELEASE**<br><br>(Doc. Nos. 64 & 65) |

Before the Court is a motion filed by Defendant Daniel Oluwa Sesan Leitch that seeks modification of a condition of supervised release pursuant to 18 U.S.C. § 3583(e)(2). For the reasons that follow, the Court will grant Leitch's motion with relief different than requested.

## **BACKGROUND**

In October 2013, Leitch pleaded guilty to a count of receipt or distribution of material involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(2). Doc. Nos. 36, 45 & 55 at 33. A few months later, the Court sentenced him to a term of 78 months of imprisonment and 180 months of supervised release. Doc. Nos. 44 & 45. Leitch was released from prison in April 2019, and his supervision term began on August 2, 2019. Doc. No. 65 at 11. A couple years later, on September 28, 2021, Leitch filed the instant motion, through counsel, challenging one of his special conditions of supervision. Doc. No. 65.[1] The United States filed its

---

[1] Leitch technically filed two motions seeking the same relief, with the first lacking proper notice and some other pieces that were added in the second. Doc. Nos. 64 & 65. The Court's order here fully resolves the matters raised by Leitch, and therefore no additional order will be issued regarding the procedurally flawed filing.

opposition on November 3, 2021, and the Court denied Leitch's motion to strike that opposition as untimely.  Doc. Nos. 66–69.  Leitch then filed his reply.  Doc. No. 70.

## **LEGAL STANDARD**

The modification of a condition of supervised release is governed by 18 U.S.C. § 3583(e)(2).  Under this statute, a district court has broad discretion to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release."  § 3583(e)(2); United States v. Miller, 205 F.3d 1098, 1100 (9th Cir. 2000).  In so doing, the court must consider the following factors under 18 U.S.C. § 3553(a): (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.  See § 3583(e)(2) (cross-referencing § 3553(a)(1), (a)(2)(B)–(D) & (a)(4)–(a)(7)).  The court also must abide by "the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision."  § 3583(e)(2).  As to the latter requirement, 18 U.S.C. § 3583(d) governs the initial setting of supervision terms and conditions.  Under that provision, a district court may impose any condition it deems appropriate, so long as the condition (1) is reasonably related to the defendant's history and offense, and the goals of deterrence, public protection, and defendant rehabilitation, (2) involves no greater deprivation of liberty than is necessary to achieve the goals of deterrence public protection, and defendant rehabilitation, and (3) is consistent with any pertinent Sentencing Commission policy statement.  § 3583(d) (cross-referencing § 3553(a)(1), (a)(2)(B)–(D)).

## **DISCUSSION**

This case turns on the following special condition of supervised release that is set forth in Leitch's judgment of conviction:

> The defendant shall attend, cooperate with, and actively participate in a sex offender treatment and therapy program [which may include, but is not limited to, risk assessment, polygraph examination, computer voice stress analysis (CVSA), and/or ABEL assessment] as approved and directed by the probation officer and as recommended by the assigned treatment provider.

Doc. No. 45 at 5.[2]

With his motion, Leitch focuses on the requirement under this condition for him to submit to polygraph examinations as part of a sex offender treatment and therapy program. The parties agree that Leitch was not required to submit to a polygraph examination from the start of his supervision on August 2, 2019, through August 2021. Leitch filed this motion after his probation officer scheduled an examination for September 25, 2021. The government has presented evidence showing that Leitch did not appear for that examination. Doc. No. 66-1, Ex. 3.

In his motion, Leitch argues first that the polygraph requirement should be eliminated in full because it does not reasonably relate to the applicable goals of his supervised release. The Court disagrees. Rather, the Court credits a declaration from Leitch's probation officer (Doc. No. 66-1), which represents that polygraph examinations are a standard component of its sex offender supervision that assist with public protection and deviant behavior detection and deterrence. See United States v. Cope, 527 F.3d 944, 956–57 (9th Cir. 2008). In so far as Leitch's conviction itself involved such behavior, the requirement is also related to his offense, history, and rehabilitation. Moreover, while submitting to a polygraph examination constitutes an infringement of liberty, the deprivation here is not unduly excessive. See United States v. Hohag, 893 F.3d 1190, 1194 (9th Cir. 2018). To be sure, Leitch's rehabilitative success thus far, as demonstrated by his evidence showing an unblemished custodial record and strong treatment

---

[2] This special condition was recommended in the final presentence investigation report. Doc. No. 41 at 17. Before imposing Leitch's sentence, the Court reviewed that report and provided Leitch and counsel with an opportunity to object to its contents at the sentencing hearing. Doc. No. 56 at 3–6. The Court also later specifically confirmed that Leitch had read over and fully discussed with counsel the special conditions of supervision that were recommended in the report. Id. at 13.

progress since his release from prison, is commendable. Yet, Leitch has also only completed two and a half years of his fifteen-year supervision term. Because there still remains value in maintaining the supervision conditions that were originally imposed to ensure that compliance and progress continue, the Court will, at this time, decline to entirely eliminate the challenged condition in so far as it requires Leitch to submit to polygraph examinations.

Leitch next argues that, even if the polygraph requirement is not fully eliminated, a twelve-month stay on its enforcement should be imposed given current circumstances relating to his health, his parents' health, and the Covid-19 pandemic. As an initial matter, the Court recognizes the dangers that are presently posed by the continuing pandemic.[3] It also acknowledges that the probation office and its polygraph contractor have taken steps to ensure that polygraph examinations are conducted with appreciation for the risks related to Covid-19. Against this, however, Leitch indicates that he is a life-long asthmatic who is immunocompromised and experiences health conditions that make him particularly susceptible to severe consequences from exposure to Covid-19. Leitch also states that he currently resides with and serves as the primary caregiver for his elderly parents, who each suffer from common Covid-19 comorbidities. He adds that his mother in particular suffers from a serious medical disease and is a life-long asthmatic and immunocompromised. Because of their medical conditions, Leitch explains, neither he nor his mother can receive the Covid-19 vaccination.

Weighing all of this together, the Court finds as significant those circumstances that have changed since Leitch was sentenced in January 2014. It also considers the applicable factors under § 3553(a), and finds that a temporary stay of the polygraph requirement does not produce any conflict with the goals of Leitch's greater sentence and rehabilitation. Thus, the Court concludes that modification of the challenged condition is warranted and will suspend any requirement for Leitch to submit to polygraph examinations for three months from the date of this order. This modification is born out of the particular combination of Leitch's and his parents' health and their collective living situation amidst the current circumstances of the Covid-19

---

[3] Of note, the Court also recognized "public safety concerns" as the basis for denying Leitch's motion to strike the government's opposition brief as untimely. Doc. No. 69.

pandemic.  The relief here is temporary, and once the three-month suspension ends, the condition shall apply as it did before this order was issued.[4]  Finally, this modification does not affect any of the other supervision terms or conditions found in the judgment.  Nor does this modification prevent the United States from seeking a subsequent modification under § 3583(e)(2) if Leitch's conduct during the next three months indicates that the circumstances described above have changed and warrant such relief.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Leitch's motion to modify a condition of supervised release (Doc. No. 65) is GRANTED with relief different than requested.  Consistent with this order, the Court modifies the special conditions of supervised release contained in the judgment of conviction (Doc. No. 45).

IT IS SO ORDERED.

Dated:  January 27, 2022                              _____
                                                                              SENIOR  DISTRICT  JUDGE

---

[4] To that end, the parties discuss the semantic nature of this condition in their respective briefs.  The resolution here does not hinge on that discussion.  But the Court notes that the plain language of the condition requires Leitch to participate in a sex offender treatment or therapy program that may include polygraph examinations.  Leitch's participation in that program, including any polygraph examinations that it may involve, is subject to the approval and direction of his probation officer and the recommendation of his assigned treatment provider.